IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN P. MCCAFFERTY AND | ) | Chapter 13 |
| MELISSA A. MCCAFFERTY, | ) | |
| | ) | |
| | ) | Case No.: 15-11010 (BLS) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOHN P. MCCAFFERTY AND | ) | |
| MELISSA A. MCCAFFERTY | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. F/K/A WELLS | ) | |
| FARGO HOME MORTGAGE, AND FEDERAL | ) | |
| HOME LOAN MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION
TO BANKRUPTCY COURT**

TO THE HONORABLE BRENDAN L. SHANNON, CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, ALL PARTIES IN THE ABOVE-REFERENCED STATE COURT CIVIL ACTION

**PLEASE TAKE NOTICE** pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452 and 28 U.S.C. § 1334, defendants, Wells Fargo Bank, N.A. f/k/a Wells Fargo Home Mortgage ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac" and together with Wells Fargo, the "Removing Defendants") hereby remove to this Court all of the causes of action and claims asserted by debtors John P. McCafferty and

Melissa A. McCafferty ("Debtors") in the civil action captioned *John and Melissa McCafferty, Plaintiffs vs. Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation* pending in the Superior Court of the State of Delaware in and for New Castle County ("Delaware Superior Court") under civil action number N13C-07-042 DCS (Del. Super.) ("*In Personam* Action"). Debtors are *pro se* plaintiffs in the *In Personam* Action.

As grounds for the removal, the Removing Defendants state as follows:

### BACKGROUND

1.     The Debtors, appearing *pro se*, and Wells Fargo have been engaged in protracted litigation in the Delaware Superior Court since 2009 involving a (30) thirty-year mortgage executed by the Debtors on September 30, 2005 in favor of Wells Fargo ("Mortgage") that secured a $200,000.00 loan against the Debtors' principal residence at 109 Hilldale Court, Claymont, DE 19703 ("Personal Residence").

**A. The Foreclosure Action.**

2.     On October 27, 2009, due to the Debtors' payment default under the Mortgage, Wells Fargo commenced a *scire facias sur* foreclosure action against the Debtors styled *Wells Fargo Bank, N.A. v. John and Melissa McCafferty*, C.A. No. N09L-10-243 DCS (Del. Super.) (the "Foreclosure Action").

3.     Debtors filed counterclaims against Wells Fargo in the Foreclosure Action relating to a purported amendment of the terms of the Mortgage through a Trial Payment Plan ("TPP"). Debtors ultimately stipulated to the dismissal of these counterclaims and subsequently filed the *In Personam* Action to assert these claims.

4.     On or about January 14, 2014, the Delaware Superior Court entered an order granting Wells Fargo summary judgment ("Mortgage Foreclosure Judgment") finding that there were no genuine issues of material fact concerning (i) the validity of the Mortgage or its

2

enforceability, (ii) the Debtors' breach of the Mortgage or (iii) Wells Fargo's entitlement to proceed with foreclosure on the Mortgage. The Delaware Superior Court held that the "TPP is not an agreement to modify the Mortgage and the Mortgage, which was never modified, remains in full force and effect." *Opinion* at 14.

5. Subsequently, the Supreme Court of the State of Delaware affirmed the Delaware Superior Court's award of the Mortgage Foreclosure Judgment to Wells Fargo. *See John P. McCCafferty and Melissa A. McCafferty v. Wells Fargo Bank, N.A.*, No. 421, 2014 (Del., Dec. 8 2014). The Debtors filed a request to appeal the Mortgage Foreclosure Judgment to the United States Supreme Court which was denied. The Debtors exhausted their appeal rights. Accordingly, the Mortgage Foreclosure Judgment is final.

6. In connection with the Mortgage Foreclosure Judgment, Wells Fargo was awarded damages in the amount of $290,538.71 on June 28, 2014 plus interest accruing from January 1, 2014 at the rate of 5.75% equaling $45.81 per diem.

**B. The *In Personam* Action.**

7. The Debtors commenced the *In Personam* Action on or about July 8, 2013. Certain of the Debtors' allegations were originally brought by the Debtors against Wells Fargo as counterclaims in the Foreclosure Action. Through the complaint filed to commence the *In Personam* Action, the Debtors bring claims in unnumbered counts against the Removing Defendants based on (a) Breach of Contract, (b) Fraud, (c) Violation of the Federal Truth in Lending Act, (d) Trade Practices Prohibited by 6 *Del C.* § 2501 *et seq.*, (e) Negligence and Gross Negligence, and (f) Unjust Enrichment. The *In Personam* Action revolves around the Debtors' claim that Wells Fargo, through the TPP, agreed to modify the Mortgage on the Debtors' Principal Residence to reduce the monthly payment from $1,308.80 to $690.00.

8. In the *In Personam* Action, Debtors seek (a) monetary damages equal to the difference between the alleged modification and whatever new mortgage loan they might obtain and (b) damages for, among other things, emotional distress in the amount $1,000,000.00.

**C. The Bankruptcy Case.**

9. On May 7, 2015 (the "Petition Date") Debtors filed a voluntary chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under case number 15-11010 (BLS). The Debtors filed their bankruptcy petition five (5) days before a scheduled May 12, 2015 sheriff sale of their Principal Residence by Wells Fargo in the Foreclosure Action.

10. The *In Personam* Action was pending on the Petition Date.

11. On June 15, 2015, Wells Fargo filed its Objection to Debtors' Proposed Plan [D.I. 19]. Wells Fargo contends that the Debtors' proposed chapter 13 plan is patently un-confirmable because it does not include paying Wells Fargo the full monthly Mortgage payments. Instead, the Debtors' proposed chapter 13 plan is based on a lower monthly payment pursuant to an alleged agreement to modify the Mortgage—an agreement that the Delaware Superior Court ruled did not exist. The confirmation hearing was continued to July 20, 2015, and has been again continued until August 25, 2015.

## REMOVAL JURISDICTION

12. Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

13. Section 1334 of Title 28 to the United States Code states that district courts have jurisdiction over "all civil proceedings arising under Title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

14. Bankruptcy courts have "related to" jurisdiction to hear a civil proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *In re Resorts International, Inc.*, 372 F.3d 154, 164 (3d Cir. 2004); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995). *See also, In re Longview Power*, 516 B.R. 282, 290 (Bankr. Del. 2014) (same). "Thus, the proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Pacor, Inc.*, 743 F.2d at 994.

15. The claims alleged by all counts in the *In Personam* Action could have an effect on the Debtors' estate. If the Debtors are somehow successful in their claims against the Removing Defendants, the Debtors' estate would have additional funds available to distribute to their creditors. Conversely, should a court fail to award the Debtors any damages in the *In Personam* Action, the Debtors will likely not be able to fund and/or confirm their chapter 13 plan.

16. Further, the Debtors seek monetary damages in the *In Personam* Action relating to the alleged modification of the Mortgage which serves as the basis for their chapter 13 plan. The Debtors' chapter 13 plan is based on making monthly mortgage payments pursuant to an

alleged modification of the Mortgage. The Delaware Superior Court held that there was no agreement to modify the terms of the Mortgage.

## STATEMENT AS TO CORE PROCEEDINGS

17. Upon removal, the claims asserted by Debtors in the *In Personam* Action are non-core proceedings. Removing Defendants consent to entry of final orders and judgments by the Bankruptcy Court.

## PROCEDURE

18. Removal to the Bankruptcy Court for the District of Delaware is required rather than removal to the District Court for the District of Delaware. Under Bankruptcy Rule 9027(a)(1), a Notice of Removal based on 28 U.S.C. § 1452 must be filed "with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Bankruptcy Rule 9001(3) defines "clerk" as the bankruptcy clerk. The notice of removal is filed with the bankruptcy clerk rather than the district court clerk. 2 COLLIER PAMPHLET EDITION 2015, pg. 700 (Alan N. Resnick & Henry J. Sommer, eds. Matthew Bender). *See also Lone Star Industries, Inc. v. Liberty Mutual Ins.*, 131 B.R. 269, 272 (D. Del. 1991) *citing Gorse v. Long Neck, Ltd.*, 107 B.R. 479 (D. Del. 1989).

19. In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, attached as Exhibit A are copies of all the process and pleadings from the *In Personam* Action.

20. Removing Defendants are filing this Notice of Removal in a timely manner pursuant to Rule 9027(a)(2), within 90 days after the order for relief.

21. A copy of the Notice of the Filing of a Notice of Removal to be filed with the Delaware Superior Court is attached as Exhibit B.

22. As set forth in the attached certificate of service, all parties required to be served a copy of this Notice of Removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure (the parties in the State Court Action) are being served.

**NOW THEREFORE**, all parties to the *In Personam* Action pending in the Delaware Superior Court at Case No. N13C-07-042 DCS are **HEREBY NOTIFIED** pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure as follows:

Removal of the claims and causes of action asserted in the *In Personam* Action will be effected upon the filing of a copy of this Notice of Removal with the Prothonotary of the Superior Court of the State of Delaware in and for New Castle County pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure to the United States Bankruptcy Court for the District of Delaware.

Dated: August 4, 2015

BUCHANAN INGERSOLL & ROONEY PC

By: __/s/ Peter J. Duhig__
Mary Caloway (Bar No. 3059)
Peter J. Duhig (Bar No. 4024)
919 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
E-mail: peter.duhig@bipc.com

*Attorneys for Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation.*

COUNSEL:

Terry Shulsky (admitted *pro hac vice*)
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, Pennsylvania 15219-1410
Telephone: (412) 392-2091
Facsimile: (412) 562-1041

Mark Pfeiffer (admitted *pro hac vice*)
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Telephone: (215) 665-8700
Facsimile: (215) 665-8760